Keystone Tele. Co. of Phila., Appellant, v. The Public Service Commission et al.

Argued October 24, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

Lewis M. Stevens of Stradley, Ronon, Stevens and Denby, for appellant.

E. Everett Mather, Jr., Assistant Counsel, and with him Daniel H. Kunkel, Legal Assistant, and John Fox Weiss, Counsel, for appellee.

William H. Lamb, and with him George Ross Hull of Snyder, Miller & Hull, for intervening appellee.

OPINION BY BALDRIGE, J., December 27, 1930:

These appeals are from the orders of the Public Service Commission approving the sale of property and property rights under an agreement, dated September 7, 1929, between the Bell Telephone Company of Pennsylvania and the Cumberland Valley Telephone Company of Pennsylvania.

The agreement provided for the sale by the Bell Telephone Company to the Cumberland Valley Telephone Company of its physical and tangible property, except certain toll lines located in the counties of Adams, Franklin, Fulton, Juniata, Perry and parts of Cumberland and York. The Cumberland Company agreed to sell to the Bell Company its physical and tangible property located outside of the territory and district aforesaid, except its real estate located in Harrisburg, and to discontinue local exchange service in that territory; and to surrender its charter rights in the counties of Mifflin, Snyder, Dauphin, Union, Schuylkill, Northumberland, part of Cumberland, and all of York, except the extreme southwestern portion, and to discontinue local exchange service in that terri-

tory, but to retain the right to maintain certain lines for interchange of business with connecting companies and to enter into further agreements for the interchange of toll business with adequate connections.

. These companies had competed with each other in the furnishing of telephone service in the counties above named and maintained no connection for interchange service. The purpose of the agreement was for the unification of the systems of the companies in the territory involved and the elimination of unnecessary duplication of service. The Public Service Commission determined that such a plan would remove uneconomical competition and would be an accommodation and a convenience to the public.

The Keystone Telephone Company of Philadelphia, the appellant, which had connection with the Cumberland Company, objected to the contract, alleging that it destroyed its vested rights to leased wire service between Harrisburg and Philadelphia through the use of the facilities of the Cumberland Company. The vice-president of the appellant company testified that "the existing contract (with the Cumberland Company) contains no specific provision for leased wires. When that contract was made, leased wires was a minor part of the telephone business, and it did not refer to that." Under the agreement between the Bell Company and the appellant for the interchange of toll business, there is no provision for leased circuits. No attempt was made to prove any terms or conditions, even of an indefinite nature, respecting leased wires, and there was no proof of any course of conduct between the parties that would have created an implied contract. The appellant is asking for a privilege which it never had enjoyed from either the Bell Company or the Cumberland Company. The agreement, therefore, is not destructive of any existing facilities or rights.

Nor do we find that this order is prejudicial to public interest. Other contracts of a similar nature have been made by the Bell Telephone Company with individual companies which in no way proved detrimental to the service or added a financial burden on the public. The Keystone Company itself, under the testimony, will be connected with more stations than heretofore. All the telephone users in the counties covered by the agreement will have access to the entire Bell System which they had not enjoyed prior thereto as there was no "tie-in" for local service between the Cumberland and Bell subscribers. Now the Cumberland Valley subscribers will have access to the Bell System the same as the Bell subscribers.

It follows from what has been said that the contract will not result in an illegal discrimination.

Appeals are dismissed.